JOHN D. COLLINS and ELAINE R. COLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 5697-75.
United States Tax Court
T.C. Memo 1979-137; 1979 Tax Ct. Memo LEXIS 386; 38 T.C.M. (CCH) 601; T.C.M. (RIA) 79137; April 10, 1979, Filed *386 Held: The allowability of various claimed business deductions determined. John D. Collins and Elaine R. Collins, pro se. John W. Harris, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' income taxes for *387 their taxable year ended December 31, 1972 in the amount of $1,136.25. After concessions, the only issue for our decision is whether petitioners have adequately substantiaed certain claimed deductions for that taxable year. FINDINGS OF FACT Petitioners timely filed a joint Federal income tax return for their taxable year ended December 31, 1972 with the district director of internal revenue, Fresno, California. At the time they filed their petition herein, petitioners resided in Bakersfield, California. Petitioners are on a cash basis of accounting. During the calendar year 1972 petitioner John D. Collins (Mr. Collins) was an electrician. The Collinses were residents of Los Angeles, California. During that year Mr. Collins worked 35 days at a jobsite in Page, Arizona. Mr. Collins secured employment in Page because there was no work available for him out of the Los Angeles local union office. He remained continuously in Page during his tenure on that job except for one weekend during which he returned home for personal business. In 1972 Mr. Collins also worked 40 days in Oceanside, California, commuting daily to the job. On his 1972 calendar year return Mr. Collins *388 took certain deductions as business expenses with respect to his costs of driving to, remaining at, and returning home from his jobs in Oceanside, California and Page, Arizona. He also deducted mileage for his trip to a union local office in Santa Ana, California. Respondent has conceded the allowability of Mr. Collins's deductions with respect to his commute to and from the Santa Ana union local and the Oceanside, California, jobsite. Respondent has also conceded the deductibility of certain union assessments. This leaves only the Page job expenses in issue. Mr. Collins deducted a total of $1,480 in 1972 for "meals and lodging" for both the Oceanside and Page jobsites. He did not attempt to show which portion of the total was allocable to Page and which part was allocable to Oceanside, except to testify that he probably spent $3 to $5 per meal three times a day for the 75 days he was on the two jobsites, i.e. between $120 and $200 for food at the Oceanside job, and between $105 and $175 for food at the Page job. Mr. Collins deducted $75 for "local travel" in 1972. This amount represents his estimated business mileage and other expenses incurred after he arrived at the Page *389 and Oceanside jobs. He kept no records with respect to this "local travel" deduction. M. Collins also deducted $75 for laundry and $110 for telephone expenses during the year in issue. The claimed telephone deduction relates to expenses incurred for telephone calls made while on both the Page and Oceanside jobs. As Mr. Collins commuted home every night while on the Oceanside job, we find that the laundry expenses relate only to the Page job. Mr. Collins did not attempt to allocate the telephone expense deduction between the two jobs. He kept no records with respect to either the telephone or laundry expenses. Finally, Mr. Collins deducted certain amounts as automobile expenses for his mileage in driving to and from the Page and Oceanside jobs and the Santa Ana union local. While, as mentioned above, respondent has conceded the deductibility of Mr. Collins's commuting expenses to and from Oceanside and Santa Ana, the deductibility of those expenses relating to Mr. Collins's mileage to and from Page is still in issue. Mr. Collins did not keep a contemporaneous ledger of his business miles traveled. To determine his business mileage allocable to any particular job, Mr. *390 Collins would simply drive there once or twice and then multiply the total number of miles in the trip by the total number of trips made. It was Mr. Collins's practice to determine the total number of his business miles allocable to any one job only after he was terminated from that job. Mr. Collins testified that the Page job was approximately 600 miles from his home. He claimed a deduction for 1,243 miles with respect to that job. This represents approximately one round trip to Page. Mr. Collins determined the dollar amount of his claimed mileage deduction for these 1,243 miles by multiplying part of this total miles traveled figure by 9 cents per mile and the remaining part by 12 cents per mile. Mr. Collins did not explain this difference in computing his mileage expense deduction. During the year in issue petitioner Elaine R. Collins (Mrs. Collins) was employed as a teacher at the Pilgrim First Congregational Church School in Los Angeles, California. She deducted a total of $780 as business expenses in that year. This total included $218 for "teacher's supplies" (books, charts, graph paper, etc.), $24 for certain long distant telephone calls, $144 for automobile mileage *391 generated by field trips, $18 for Mrs. Collins's teaching certificate renewal fee, $138 for "technical books and publications", and $238 for tuition and books spent in taking "refresher" classes at an unnamed school. Mrs. Collins did not keep any records of the expenses she attemped to deduct. At no time did she request reimbursement from her employer for these costs. OPINION Respondent argues that none of the deductions in issue are properly allowable. It is his position that petitioners have failed on two counts (1) to show that the amounts in issue are described in either section 162 [1] or section 212 [2] and (2) to substantiate the amounts claimed. Petitioners' theory is that, while they could produce no records at the trial herein to substantiate their claimed deductions, they should be allowed these deductions on their word alone. *392 Mr. Collins's Deductions
Mr. Collins's deductions fall into two categories: those which are described in section 274(d) and those which are not. [3] Mr. Collins's deductions for automobile mileage and meals and lodging constitute "traveling expenses" within the meaning of section 274(d). Mr. Collins's other claimed deductions, i.e. those for local travel, laundry, and telephone, do not. Amounts described in section 274(d) are deductible only in accordance with the provisions of that subsection. Section 274(d) contemplates that no deduction shall be allowable to a taxpayer for travel or entertainment expenses on the basis *393 of the mere approximations or unsupported testimony of the taxpayer. Section 1.274-5(a), Income Tax Regs. Except as otherwise provided in section 274 or the regulations promulgated thereunder, no deduction is allowable for any amount described in section 274 unless each element of that deduction is substantiated by the taxpayer with adequate records or by sufficient evidence to corroborate his statement. Section 1.274-5(c)(1), -5(c)(2)(i) and -5(c)(3), Income Tax Regs. Thus, it is clear on the face of the statute and in the regulations that more than the mere word of the taxpayer is required to meet the substantiation requirements of section 274(d). Furthermore, the burden is on petitioner to make the threshold showing that the expenditures in issue are of the sort which, if substantiated, would qualify for the deduction under either section 162 or section 212. Section 274(d)(1), Rule 142, Tax Court Rules of Practice and Procedure, Welch v. Helvering,290 U.S. 111, 115 (1933). Mr. Collins has carried none of these burdens with respect to those of his deductions described in section 274(d). Mr. Collins introduced no evidence beyond his own unsupported testimony *394 which would corroborate his claimed traveling expense deduction. Thus, the Court has no discretion in this matter. We disallow this claimed deduction in full. Next, we are satisfied that Mr. Collins incurred certain "local travel, laundry, and telephone" expenses in Page which were incurred because of his employment. Further, we are satisfied that some proportion of these expenses were deductible under section 162. We hold that 50 percent of Mr. Collins's claimed "local travel, laundry, and telephone" deductions are allowable. Cohan v. Commissioner,39 F.2d 540, 544 (2nd Cir. 1930). Mrs. Collins's Deductions.
Mrs. Collins was a teacher during the taxable year in issue. She claimed deductions under section 162 totaling $780. The particular deductions constituting this total are: $218 for "teacher's supplies", $24 for certain long distance telephone calls, $144 for mileage on field trips, $18 in respect of Mrs. Collins's teaching certificate renewal fee, $138 for technical books and publications, and $238 for tuition and books for several refresher courses Mrs. Collins took during the taxable year in issue. Mrs. Collins's testimony was, at times, *395 confused. She at first testified that her deduction labeled "telephone" was in respect of a $700 "teaching machine" that she had bought and later donated to her school. Later she testified that the telephone deduction was in respect of long distance telephone calls made for the benefit of her school. At the trial herein Mrs. Collins first testified that her technical books-publications deduction was for the cost of a class that she had taken. Later she testified that this deduction was in respect of certain "teachers' books" which she needed in order to teach her classes. While Mrs. Collins was somewhat confused in her testimony with respect to certain deductions, we think that she was a truthful and credible witness. We accept her second charaterization of the above two deductions. We find, therefore, that Mrs. Collins did actually expend some amounts for all the claimed purposes in 1972. Further, we find that any amounts expended for these purposes were deductible under section 162. See also section 1.162-5(c)(1), Income Tax Regs.[4] We, therefore, allow Mrs. Collins her claimed telephone and credential renewal fee expense deductions in full. Applying the rule of Cohan v. Commissioner,supra, *396 we will allow her 25 percent of the remaining deductions. Decision will be entered under Rule 155.
Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *. ↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income * * *.↩
3. SEC. 274(d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item * * *.↩
4. SEC. 1.162-5(c) Deductible Educational Expenditures-- (1) Maintaining or imporving skills. The deduction under the category of expenditures for education which maintains or improves skills required by the individual in his employment or other trade or business includes refresher courses * * *.↩